IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2019

**STATE OF TENNESSEE v. JOHN C. MURRAY**

**Appeal from the Criminal Court for Wilson County**
**No. 16-CR-142    Brody Kane, Judge**

_____

**No. M2018-01150-CCA-R3-CD**

_____

The Defendant was convicted upon his guilty plea to theft of property valued at more than $1,000 but less than $10,000, a Class D felony.  *See* T.C.A. § 39-14-103(a) (2018) (theft), 39-14-105 (Supp. 2015) (amended 2016) (grading of theft).  The trial court sentenced the Defendant to serve eight years as a Range II, multiple offender.  On appeal, the Defendant contends that the trial court erred in sentencing.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and CAMILLE R. MCMULLEN, JJ., joined.

Shelley Thompson Gardner, District Public Defender; and Kelly Skeen, Assistant District Public Defender, for the Appellant, John C. Murray.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; Justin Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the presentence report, which was received as an exhibit at the sentencing hearing,[1] the Defendant's offense relates to his theft of a diamond from a jewelry store on October 13, 2015.  The Defendant replaced the diamond with a counterfeit gem while the shopkeeper was distracted.  The theft was not immediately

---

[1] The transcript of the guilty plea hearing was not included in the appellate record.

discovered, and the Defendant was eventually identified as the perpetrator after security footage of the incident was released to the media. The Defendant admitted the theft and told the authorities he had stolen diamonds and jewelry, which he sold to the owner of a pawn shop, in order to obtain money to support his drug addiction. The Defendant stated that he and others were involved for years in an ongoing theft scheme with the pawn shop owner.

The presentence report also reflects that the Defendant was fifty-two years old, had dropped out of school in the ninth grade, had a lengthy history of criminal convictions spanning his entire adult life, and had little employment history. The conviction offenses listed in the presentence report include the following:

theft of property valued at more than $1,000 but less than $10,000 – 7 counts

theft of property valued at $500 or less – 11 counts

attempted theft of property valued at $10,000 but less than $60,000

theft of property valued at $10,000 but less than $60,000

misdemeanor assault – 5 counts

violation of the driver's license law – 3 counts

casual exchange of narcotics – 2 counts

driving while license suspended, cancelled, or revoked – 14 counts

unspecified traffic offense – 5 counts

disorderly conduct

reckless endangerment involving a deadly weapon – 2 counts

reckless driving

aggravated assault

unspecified weapons offense – 3 counts

shoplifting – 11 counts

possession of drug paraphernalia

possession of burglary tools

grand larceny – 5 counts

petit larceny

vehicular assault – 2 counts

passing a worthless check

fraudulent use of a credit card – 3 counts

trespassing

Julie Raines, who prepared the presentence report, testified that she confirmed the Defendant had at least eight violations of probation, parole, or community corrections. She testified about the dates and his classification of property crime convictions. When she was questioned about whether shoplifting and theft convictions from 1991 which had the same docket number were based upon events occurring on the same date, she said they occurred on different dates. Similarly, she said two shoplifting convictions from 1988 which had the same docket number were based upon events occurring on different dates. Likewise, she said two grand larceny convictions from 1987 which had the same docket number were based upon events occurring on different dates. She said the information in the presentence report was accurate, based upon the information she received.

Ms. Raines testified that the information she had reviewed supported a conclusion the Defendant was cooperative with the authorities. She acknowledged that the Defendant had participated in a treatment program during a prior period of incarceration. She agreed that the risk assessment reflected that the Defendant was at a moderate risk of reoffending.

In his allocution, the Defendant stated that many of his family members had predeceased him and that he was on the verge of losing his relationships with other family members. He said he wanted to do the right things to avoid losing relationships with his daughter and his grandchildren. He said the prospect of losing his relationships with family members would keep him from breaking the law.

After receiving the evidence and the Defendant's allocution, the trial judge stated that the parties had agreed pursuant to the plea agreement for the Defendant to be sentenced as a Range II offender, notwithstanding the fact that the Defendant had sufficient prior convictions to qualify as a Range III offender. The court noted that the Defendant had either eight or nine qualifying felony convictions, depending upon whether an error existed in the presentence report.

The trial court applied enhancement factors based upon the Defendant's history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, failure to comply with the conditions of a sentence involving release into the community, and commission of the present offense while on probation for another offense. *See* T.C.A. § 40-35-1114(1), (8), (13) (Supp. 2015) (amended 2016, 2018). The court found that these factors were entitled to significant weight. The court applied a mitigating factor based on a finding that the offense did not cause or threaten serious bodily injury. *See id.* § 40-35-113(1) (2014).

The trial judge remarked that he had been in criminal practice or on the bench for twenty-two years and had never seen a presentence report with as extensive a criminal history as the Defendant's. The judge stated the importance of protecting the public from future thefts and noted that measures less restrictive than confinement had been applied frequently or recently. The judge imposed an eight-year sentence to be served in the Department of Correction, the maximum sentence for a Range II offender for a Class D felony. The judge ordered that the sentence be served consecutively to an existing Robertson County sentence. This appeal followed.

The Defendant contends that the trial court abused its discretion in imposing a maximum, incarcerative sentence. He argues that the court relied upon an inaccurate and unsubstantiated presentence report. The State responds that the Defendant has failed to overcome the presumption of reasonableness afforded to the trial court's sentencing determination. We agree with the State.

This court reviews challenges to the length of a sentence within the appropriate sentence range "under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). A trial court must consider any evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, any mitigating or statutory enhancement factors, statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (citing T.C.A. §§ 40-35-103, -210; *State v. Moss*, 727

S.W.2d 229, 236 (Tenn. 1986); *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987)); *see* T.C.A. § 40-35-102 (2014).

Likewise, a trial court's application of enhancement and mitigating factors are reviewed for an abuse of discretion with "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Bise*, 380 S.W.3d at 706-07. "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id*. at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed . . . within the appropriate range" will be upheld on appeal. *Id.*

As a prefatory matter, we note that the transcript of the guilty plea hearing is not part of the appellate record. *See State v. Keen*, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999) ("[A] transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed."); *see also* T.R.A.P. 24(b) (stating that the appellant has the duty to prepare a record which conveys a "fair, accurate, and complete account of what transpired with respect to those issues which are the bases of appeal."). An appellant who fails to include the transcript of the guilty plea hearing in the record risks waiver of a sentencing issue. Nevertheless, an appellate court will consider on a case-by-case basis whether a record is sufficient for review. *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). In the present case, we will consider the Defendant's sentencing issue on its merits, notwithstanding the absence of the transcript of the guilty plea, because the facts of the offense are stated in the presentence report.

The Defendant argues that the presentence report contained inaccurate information. He argues that he is identified by an incorrect first name in a portion of the report and points to the conviction offenses with different incident dates but the same docket number about which Ms. Raines was questioned at the sentencing hearing. He also argues that additional conviction offenses listed in the presentence report have similar errors. Ms. Raines testified at the hearing that she gathered information about the convictions from electronic and documentary records and that the information she compiled in the report was accurate according to those sources. The Defendant did not offer evidence to the contrary relative to the prior convictions, did not raise an issue regarding any misidentification, and did not object to the introduction of the report as an exhibit at the hearing. Aside from the convictions the Defendant challenges as inaccurate on appeal, the Defendant's criminal record is lengthy. Further, the court relied on two additional enhancement factors, and the Defendant has not challenged the application of these factors. The court weighed all of the enhancement factors heavily.

The Defendant's eight-year sentence was within the range for a Range II, Class D felony, and the record reflects that the trial court considered and applied the purposes and principles of the Sentencing Act in reaching its determination. As such, we presume that the sentence is reasonable. *See Bise*, 380 S.W.3d at 706-07. The Defendant has not demonstrated on appeal that the court abused its discretion in relying on the presentence report and in imposing an eight-year incarcerative sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE